Judge McMahon

07 CV 4057

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
KIM TEDESCO,

               Plaintiff,

-against-

PINPOINT TECHNOLOGIES, LLC and MEL S. HARRIS & ASSOCIATES, LLC,

               Defendant.
-------------------------------------------------------------x

COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

MAY 23 2007

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff KIM TEDESCO, an individual consumer, against Defendants PINPOINT TECHNOLOGIES, LLC ("Pinpoint") and MEL S. HARRIS & ASSOCIATES, LLC ("Mel Harris") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Defendants violated the Act by suing the plaintiff on a consumer debt after the applicable statute of limitations had expired.

## JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff Kim Tedesco is a natural person residing in New York, NY.

4. Defendant Pinpoint Technologies, LLC is a New York corporation engaged in the business of collecting debts in this state with its principal place of business located in Queens, NY. Defendant regularly attempts to collect debts allegedly due to another, and is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

5. Defendant Mel S. Harris & Associates, LLC is a New York law firm engaged in the business of collecting debt in this state with its principal place of business located in New York, NY. Defendant regularly attempts to collect debts allegedly due to another, and is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6)

## FACTUAL ALLEGATIONS

6. Sometime after May 26, 2006 the defendants sued plaintiff in the Civil Court of New York City, New York County (Index No. 35119/06) for an alleged credit card debt originally owed to Providian Bank.

7. The statue of limitations on that alleged debt, however, had already expired by that date. When the subject account was opened Ms. Tedesco was a resident of the State of California. The account became delinquent on or around September 2000 while Ms. Tedesco was a resident of California, and California's

four year statue of limitations on such debts expired while Ms. Tedesco resided in California.

8. Ms. Tedesco did not move to New York until November 1, 2004. As stated above, California's four year statute of limitations on the alleged debt had already expired by that time. Accordingly, pursuant to NYCPLR § 202 the subject alleged debt was beyond the statute of limitations.

9. Defendants have refused the plaintiff's requests to dismiss that action and accordingly Ms. Tedesco has been forced to hire counsel to defend herself in that action.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

10. The plaintiff hereby realleges in incorporates by reference each of the allegations alleged above.

11. Plaintiff is a "consumer" as that term is used in 15 U.S.C. § 1692a(3).

12. Defendants are a "debt collectors" within the meaning of 15 U.S.C. § 1692a(6).

13. The alleged debt underlying plaintiff's complaint is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

14. Defendants Pinpoint and Mel Harris violated 15 U.S.C. §§ 1692f and 1692f(1) by bringing suit against the plaintiff on the alleged debt after the applicable statute of limitations had expired.

15. Defendants Pinpoint and Mel Harris violated 15 U.S.C. §§ 1692e and 1692e(2) by bringing suit against the plaintiff on the alleged debt after the applicable statute of limitations had expired.

16. The plaintiff is entitled to an award of actual and statutory damages for the defendants' unlawful conduct, in addition to an award of costs and attorney's fees, pursuant to 15 U.S.C. § 1692k.

**WHEREFORE,** the plaintiff respectfully requests that judgment be entered as follows:

A. Awarding the plaintiff actual damages pursuant to 15 USC § 1692k(a)(1).

B. Awarding the plaintiff statutory damages pursuant to 15 USC § 1692k(a)(2)(A).

C. Awarding the plaintiff attorney's fees and costs pursuant to 15 USC § 1692k(a)(3).

D. Granting such other and further relief as the Court deems just.

### DEMAND FOR JURY TRIAL

Please take notice that plaintiff demands trial by jury in this action.

Dated: May 23, 2007
New York, NY

*[signature]*

Kevin C. Mallon (kcm 4798)
Fishman & Neil, LLP
305 Broadway, Suite 900
New York, NY 10007
(212) 887-5840
Attorneys for Plaintiff